# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 8, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| PAULINE MARTINEZ, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1352V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorney's Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

<u>Michael Baseluos</u>, Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner.
<u>Mark Kim Hellie</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 4, 2017, Pauline Martinez ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of a pneumococcal conjugate ("PCV13") vaccine administered on September 11, 2015, she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1 (ECF No. 1). On March 8, 2022, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. Decision filed Mar. 8, 2022 (ECF No. 68).

On March 15, 2022, Petitioner filed an application for attorney's fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed Mar. 15, 2022 (ECF No. 87).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 <u>et seq.</u> (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Petitioner requests compensation in the amount of $65,297.14, representing $47,966.50 in attorneys' fees and $17,330.64 in costs. Id. at 5. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. Respondent filed his response on March 24, 2022, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Mar. 24, 2022, at 2 (ECF No. 74). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards a total of $65,297.14.

**I.    DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

**A.    Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl.

2

719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of their counsel: for Mr. Michael Baseluos, $275.00 per hour for work performed in 2017, $295.00 per hour for work performed in 2018, $315.00 per hour for work performed in 2019, $335.00 per hour for work performed in 2020, $350.00 per hour for work performed in 2021, and $375.00 per hour for work performed in 2022. Pet. Mot., Ex. A. Petitioner also requests the following rates for work of their counsel's paralegals: $125.00 per hour for work performed in 2017 and 2018, and $150.00 per hour for work performed in 2020 and 2021.

The requested attorney and paralegal rates for 2017-2021 are consistent with what counsel has previously been awarded for their Vaccine Program work. Therefore, the undersigned finds these rates reasonable. Mr. Baseluos' requested rate for 2022 is within the range for an attorney with his experience and within the forum rates, and thus, the undersigned grants the requested rate.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.

### B. Attorneys' Costs

Petitioner requests a total of $17,330.50 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and for work performed by petitioner's expert, Dr. Joanne Halbrecht. Pet. Mot. at 5.

Petitioner must demonstrate the costs incurred were reasonable and must provide "reasonably specific documentation" to substantiate the costs. O'Neill v. Sec'y of Health &

3

Hum. Servs., No. 08-243V, 2015 WL 2399211, at *15 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (quoting Ceballos ex rel. Ceballos v. Sec'y of Health & Hum. Servs., No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)); Simon v. Sec'y of Health & Hum. Servs., No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).  The special master's determination regarding the reasonableness of an expert's hourly rate includes considering the area of expertise; education and training; prevailing rates of other comparable experts; and "the nature, quality, and complexity of the information provided."  Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *3-5 (Fed. Cl. Spec. Mstr. Feb. 24, 2005).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley, 461 U.S. at 434).

### i.  Reasonable Hourly Rate for Expert Fees

Prior to this case, Dr. Halbrecht has participated in the Vaccine Program; however, an appropriate hourly rate for her services has not been determined.  See Tucker v. Sec'y of Health & Hum. Servs., No. 17-566V, 2019 WL 1796124, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2019).  Dr. Halbrecht is a board-certified orthopedic surgeon.  Pet. Ex. 25 at 5.  She is currently the Medical Director at Halbrecht Orthopedics Biologics and Sports Medicine.  Id. at 2.  She has co-authored over 20 articles and given several lectures on shoulder injuries.  Id.  Physicians with similar qualifications have received an hourly rate of $600.00.  See Montague v. Sec'y of Health & Hum. Servs., No. 16-0298V, 2018 WL 5284594, at *2 (Fed. Cl. Spec. Mstr. Sept. 19, 2018).

In this case, Dr. Halbrecht reviewed medical records, researched medical literature, and submitted and supplemented a thorough expert report.  Pet. Mot., Ex. F.  In addition, she performed an independent medical exam ("IME") on Petitioner.  Id.

Therefore, considering Dr. Halbrecht's qualifications and experience as a board-certified orthopedic surgeon, the prevailing rates of other similar experts being up to $600.00, the report Dr. Halbrecht submitted, and preparation she undertook to assist Petitioner, the undersigned finds $550.00 to be a reasonable rate for Dr. Halbrecht's work in this case.

### ii.  Reasonable Hours Expended by Expert

In addition to providing evidence to substantiate the expert's hourly rate, the Petitioner must also monitor expert fees to ensure they remain reasonable.  See Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, at *10 (Fed. Cl. Spec. Mstr. July 3, 2018).  The expert should only be compensated for the number of hours reasonably expended by the expert on the litigation.  O'Neill, 2015 WL 2399211, at *16.  The special master may use her experience and judgment to determine "the reasonableness of the number of hours expended by an expert under the circumstances in a particular case."  Id.  The undersigned has reviewed the hours submitted and finds the billed time to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of expert costs shall be awarded.

iii.     **Additional Costs**

The undersigned has reviewed the additional requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $47,966.50 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$47,966.50** |
| | |
| Attorneys' Costs Requested | $17,330.64 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$17,330.64** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$65,297.14** |

**Accordingly, the undersigned awards $65,297.14 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Michael Baseluos.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                <u>s/Nora Beth Dorsey</u>
                                                Nora Beth Dorsey
                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.